NATIVIDAD LÓPEZ NIEVES, Plaintiff and Appellee, *v.* JOSÉ NARVÁEZ AYALA, ETC., Defendants and Appellant.

No. 7651. Argued December 22, 1938.—Decided July 5, 1939.

*González Fagundo* and *González, Jr.*, for appellant.  *J. Vendrell,*
for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

It is an undisputed fact in this case that in suit No.
20338 Natividad López Nieves obtained a divorce from her
husband, José Narváez Ayala.  The divorce decree was
rendered on the 27th of April 1937 and. it was unappealable.

On July 2, 1937, Natividad López Nieves filed a complaint
in the District Court of Humacao.  The latter set up in effect
that the complainant had just become aware that there were
various pieces of property which belonged to the matrimonial
society and had not been distributed.  The complaint con-
tained three causes of action.

The first one set up that the matrimonial society was the
owner of nine heads of cattle which were grazing on a piece
of conjugal property located in the Ward Beatriz of
Caguas;  of another piece of property in the same ward
which was recorded in the name of José Narváez Ayala and
Natividad López;  another piece of property in the Ward
Borinquen of Caguas of 25 acres and another piece of prop-
erty in the ward of Turabo of Caguas.  As a conclusion to
the first cause of action the plaintiff set forth that she had
made various requests to Narváez for the liquidation and
adjudication of the property dissolved by the divorce and
the defendant had refused to do so.

The second cause of action set up a fraudulent suit of
the defendant by which Natividad became divested of a

certain other piece of property which for our purposes it is unnecessary to describe, and especially not the manner of the suit and its various incidents.

The third cause of action alleged fraudulent practices whereby a certain Natividad Narváez López appeared to be acquiring property which in point of fact was so acquired by money which belonged to the matrimonial society.

On the same date the plaintiff filed a motion (*solicitud*) wherein, after setting up that the defendant was appropriating the rents and profits of the different properties and selling various heads of cattle and that the rights of the petitioner would be hurt if Narváez were allowed to continue in the administration of the said property, prayed the court to name a judicial administrator to take charge of the same and that, while the naming of a judicial administrator was pending, a temporary administrator be named. On the same day, namely, the 2d of July, 1937, the court named José Hernández Aponte as a temporary judicial administrator and authorized him, after giving bond, to do all the things which a temporary judicial administrator might do under the circumstances.

In the original complaint the persons connected with the fraudulent acts were made parties. On July 16, all defendants appeared in court and asked that the order of the 2d of July be set aside, first, because in effect the judicial administrator had given no bond; second, because in the order no amount had been fixed for the bond; third, that supposing that the plaintiff was proceeding under Section 182 of the Code of Civil Procedure, allowing the appointment of the receiver, the petition (*solicitud*) did not contain sufficient facts to set up a cause of action; fourth, because even supposing that the temporary administrator had been well named, he had no right to take possession of property, the title of which appeared in the names of other people. The defendant also filed an answer to the principal applica-

tion and denied various, if not all, of the essential facts of the original application.

On July 20, 1937, José Hernández Aponte appeared in court and said that he had taken possession of some of the cattle and that the defendant Narváez had proceeded to take the same cattle away from the agent of the administrator; that the defendant had taken a certain number of cattle and put them on the property of Clemente González and for these things, and perhaps others, the judicial administrator asked that the defendant be punished for contempt. On July 20, the court rendered an order whereunder Narváez was to appear in court on the 23d of July to show cause why he should not be punished for contempt.

After a hearing the District Court of Humacao, for the reasons mentioned in the motion, rendered an order declaring José Narváez guilty of contempt and sentenced him to imprisonment for thirty days and other alternative matter. The defendant appealed.

In the District Court of Humacao the judge rendered no opinion to support either the order naming the temporary judicial administrator, nor the order punishing the defendant for contempt.

In this court the appellant has filed a brief but the appellee has not appeared at all. The first assignment of error is as follows:

"*First.* The court committed an error of law in convicting José Narváez Ayala of contempt of court inasmuch as the order appointing a temporary receiver or judicial administrator is void in being against the provisions of Section 182 et seq. of the Code of Civil Procedure."

The appellant points out that ordinarily under Section 182 of the Code of Civil Procedure a temporary judicial administrator is appointed if the property were about to disappear; that there was a failure to identify the cattle that had been removed or was in the hands of the

defendant or other persons. The brief sets up that the defendant was not duly protected by a bond; that before a bond should issue and a defendant be punished for contempt, the formalities of the law should be complied with. We agree with the appellant but we shall not stop to verify whether or not the bond was sufficient.

We also agree with the appellant that the appointment of a temporary judicial administrator is not the way to get hold of the property described in this case. Certainly, as appellant points out, a judicial administrator can not take possession of property in the name of others without some sort of proceeding to subject the claims of the appellee to a trial. *Yabucoa Sugar Co.* v. *District Court,* 36 P.R.R. 332, and *Balasquide* v. *Rossy,* 18 P.R.R. 33. Some of the real estate described had been recorded in the registry of property.

The second assignment of error is as follows:

"*Second.*—The court erred in convicting José Narváez Ayala of contempt of court, because, even conceding the validity of the order, the evidence is insufficient and there has been bias and passion in weighing the same."

Partly for the reasons set up in the discussion of the first assignment of error and because it does not appear that Narváez was ever properly notified of his supposed delinquent actions, and partly because we think that no one ordinarily should be deprived of property, cattle, or otherwise, without a more formal proceeding than took place in this case, we agree with the appellant that the facts set forth did not establish such an extraordinary case as to justify the action of the court in holding Narváez guilty.

The judgment, resolution and order appealed from should be reversed and the defendant José Narváez López discharged.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.